UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
UBS INTERNATIONAL INC., et ano.,

                Plaintiffs,

         -against-

ITETE BRASIL INSTALACOES TELEFONICAS LTD., et al.,

               Defendants.
------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 12/17/09

09 Civ. 4286 (LAK)

## ORDER

LEWIS A. KAPLAN, *District Judge.*

       This is an interpleader action in which the property in question – funds previously on deposit in two UBS accounts in the name of Brasil Instalacoes Telefonicas Ltd. ("Itete Brasil") – has been paid into court and in which Itete Brasil and Instalacioines de Tendidos Telefonicos, S.A. ("Itete Spain") both claim it. The case is before me on the motion of Itete Brasil for an order (1) dismissing Itete Spain's cross-claim, (2) striking Itete Spain's affirmative defenses to Itete Brasil's cross-claim, and (3) granting judgment on the pleadings to Itete Brasil on its cross-claim declaring that Itete Brasil is the rightful owner of the deposited funds, directing their distribution to it, and awarding to it the costs and disbursements of the action.

*The Parties' Positions*

*Itete Spain Cross Claim Against Itete Brasil*

       Itete Spain asserts that it was founded by the late José Ángel Zambudio Mompeán in 1983, that it formed Itete Brasil in 1997, and that 95 percent of Itete Brasil was owned by Itete Spain and the balance by Zambudio himself. Marcelino Albuquerque Galindo, then attorney-in-fact for Itete Brasil, opened the two UBS accounts in the name of Itete Brasil, the second of the two with Albuquerque as the sole signatory, in 2005 and 2007, respectively. Later in 2007, Albuquerque allegedly misused his position of trust and confidence to transfer ownership of Itete Spain's 95

percent interest in Itete Brasil to his associate, one Huber.[1] Itete Spain contends that the transfer of ownership of Itete Spain's interest in Itete Brasil was unauthorized and void, that it is still the majority owner of Itete Brasil, and that it therefore is the owner of the property deposited into court. It seeks judgment releasing the proceeds of the UBS accounts to it.

*Itete Brasil's Cross Claims Against Itete Spain*

Itete Brasil admits that Albuquerque signed a document altering Itete Brasil's Articles of Incorporation on behalf of Itete Spain and Zambudio that made Huber and one Pittari owners of 95 percent and 5 percent of Itete Brasil but claims that he did so properly and as Zambudio's duly authorized representative. It cross-claims against Itete Spain for tortious interference with its contractual relationship with UBS, fraud, negligence, and a declaratoin that Itete Brasil is entitled to the funds in question.

*Itete Spain's Reply*

Itete Spain's reply to Itete Brasil's cross-claim against it asserts, in wholly conclusory terms, that Itete Brasil has failed to state a claim upon which relief may be granted; that Albuquerque lacks standing or legal capacity to assert the claims in Itete Brasil's cross-claim; that the cross-claim is barred by, among other things, unclean hands, laches, waiver, and estoppel; and that Albuquerque is not entitled to the money.

*Discussion*

Itete Spain's affirmative defenses are pleaded in conclusory and therefore insufficient terms and, at least in some respects, appear to be entirely inapposite. Accordingly, they will be stricken. As it is not clear, however, that legally sufficient affirmative defenses could not be stated, leave to amend will be granted.

Itete Brasil's motion for judgment on the pleadings must be denied at least because the possible existence of sufficient affirmative defenses forecloses the entry of judgment in its favor.

---

[1] Exactly how this was accomplished is left, so far as Itete Spain's cross-claim is concerned, to the imagination save for the contention that a so-called corporate structure document had been executed, one of the signatures having been forced, and the implication that Albuquerque was not only attorney-in-fact for Itete Brasil but had had some managerial authority on behalf of Itete Spain.

## *Conclusion*

Itete Brasil's motion for judgment on the pleadings and other relief [DI 48] is granted to the extent that Itete Spain's affirmative defenses are stricken with leave to replead on or before January 15, 2010. It is denied in all other respects.

SO ORDERED.

Dated:   December 17, 2009

_____
Lewis A. Kaplan
United States District Judge