UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARCELINO ALBUQUERQUE GALINDO, et ano.,

                Plaintiffs,

        -against-

UBS INTERNATIONAL INC., et ano.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UBS INTERNATIONAL INC., et al.,

                Plaintiffs,

        -against-

ITETE BRASIL INSTALACOES TELEFONICAS
LTD., et ano.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

09 Civ. 10004 (LAK)
Action No. 1

09 Civ. 4286 (LAK)
Action No. 2

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/10

### MEMORANDUM AND ORDER GRANTING LEAVE TO INTERVENE, CONSOLIDATING ACTIONS, ALLOWING INTERPLEADER AND GRANTING OTHER RELIEF

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on the motions, both filed in Action No. 1, of (1) Instalaciones de Tendidos Telefonicos, S.A. ("Itete Spain") for leave to intervene in Action No. 1 and to consolidate Action Nos. 1 and 2, and (2) UBS International Inc. and UBS Financial Services Inc. (collectively, "UBS") to interplead funds in two accounts held by them in the names of Marcelino Albuquerque Galindo and MUSP Servicos de Locacao Ltda. ("MUSP") (the

"Albuquerque/MUSP Accounts"), respectively, and for related relief.

*Facts*

Both of these actions arise out of a common background.

Itete Spain was founded and owned by the late Jose Angel Zambudio Mompean. It formed Itete Brasil Instalacoes Telefonicas Ltd. ("Itete Brasil"), which was 95 percent owned by Itete Spain and 5 percent owned by Zambudio personally, to conduct business in Brazil and appointed Marcelino Albuquerque Galindo, an Itete Spain employee, as its attorney in fact to conduct business in Brazil and to operate Itete Brasil. Both actions involve Itete Spain's contention that Albuquerque abused the trust thus reposed in him to steal Itete Brasil and its assets by transferring its shares to an associate.

Action No. 2 is an interpleader action in which UBS sought relief with respect to Itete Brasil accounts in its possession in light of conflicting claims to their contents by Itete Spain and Itete Brasil. The disputed funds were paid into the Registry of the Court. Itete Spain and Itete Brasil have asserted cross-claims against each other. Itete Spain asserts that the transfer of its 95 percent interest in Itete Brasil to Albuquerque's associate was improper and void and that it is entitled to the interpleaded funds. Itete Brasil contends that it is the true owner and seeks damages against Itete Spain for alleged tortious interference with Itete Brasil's relationship with UBS.

Following the deposit into the Registry of the then-existing contents of the Itete Brasil accounts, UBS informed Itete Spain and Itete Brasil that funds from those accounts previously may have been transferred to the Albuquerque/MUSP Accounts. It sought agreement to interplead the contents of those accounts as well. Albuquerque and MUSP responded by filing Action No. 1. They there seek an order requiring UBS to honor its requests to transfer funds from the

Albuquerque/MUSP accounts to two other accounts controlled by them and to enjoin UBS from seeking to interplead the contents of the Albuquerque/MUSP Accounts in this Court and from disclosing any information about them to anyone else.

Itete Spain, which in substance claims that it is entitled to all or part of the contents of the Albuquerque/MUSP Accounts, here moves for an order (1) granting it leave to intervene in Action No. 1 to (a) seek an injunction restraining UBS from giving Albuquerque and MUSP access to the Albuquerque/MUSP Accounts and (b) assert cross claims against Albuquerque and MUSP, and (2) consolidating the two actions. UBS seeks consolidation of the two actions, to interplead $975,000 from Account No. R2-62467 (the "Albuquerque Account") and $25,000 from Account No. R2-66223 (the "MUSP Account") and related relief.

*Discussion*

*Intervention*

Rule 24(a) of the Federal Rules of Civil Procedure in relevant part gives a person the right to intervene in an action "[u]pon timely motion" where that person "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." Rule 24(b), likewise "[u]pon timely motion," permits intervention in the discretion of the court where the movant "has a claim or defense that shares with the main action a common question of law or fact . . . ."

The requirements of both Rule 24(a) and Rule 24(b) are satisfied here. The motion is timely, as it has been brought reasonably promptly after UBS informed Itete Spain of the situation

regarding the Albuquerque/MUSP Accounts.[1] Itete Spain claims to be the rightful owner of Itete Brasil and therefore the rightful beneficial owner of all or part of the contents of the Albuquerque/MUSP Accounts. Were leave to intervene in Action No. 1 denied and Albuquerque and MUSP successful there, the funds in those accounts would be transferred elsewhere and thus "as a practical matter impair or impede the movant's ability to protect its interest." And certainly both actions share common questions of law and fact, most notably but not exclusively those pertaining to Itete Spain's contention that Albuquerque's actions as its attorney-in-fact were faithless and therefore, under the pertinent foreign law, void *ab initio.*

Albuquerque and MUSP nevertheless argue[2] that intervention should be denied because they and Itete Spain all are aliens and the Court therefore would lack subject matter jurisdiction over Itete Spain's proposed cross-claim. But the argument is unpersuasive, at least in this context.

Itete Spain seeks to intervene in Action No. 1, which has been brought by Albuquerque and MUSP against UBS. It proposes to assert a claim against UBS as defendant and cross-claims against Albuquerque and MUSP. There quite plainly would be subject matter jurisdiction over its claim against UBS because Itete Spain is an alien and the UBS defendants are U.S. citizens. The question whether the Court would have jurisdiction, original or supplementary,

---

[1] In arguing against consolidation, Itete Brasil's memorandum in response to the order to show cause [DI 24] seems to suggest that Itete Spain's motion to intervene in Action No. 1 is untimely because Action No. 2 is well advanced and intervention and consolidation would delay it. The argument, which in light of Itete Brasil's delaying tactics in Action No. 2, is without merit in any case, does not address the issue of intervention as distinguished from consolidation.

[2] DI 26.

over Itete Spain's proposed cross-claim against Albuquerque and MUSP is collateral to the propriety of its intervention in the action as between Albuquerque and MUSP, on the one hand, and UBS on the other. Its resolution may await the filing of a motion by Albuquerque and MUSP to dismiss the cross-claims, which in any case is rendered at least partially academic by my ruling today granting UBS's motion to interplead Itete Spain, Albuquerque and MUSP with respect to their adverse claims to the funds in the Albuquerque/MUSP Accounts.

Accordingly, I find that Itete Spain is entitled to intervene as of right. Alternatively, I grant leave to intervene permissively.[3]

*Consolidation*

Rule 42 permits consolidation of actions that involve a common question of law or fact. Action Nos. 1 and 2 meet this standard.

*Interpleader*

UBS is confronted with conflicting claims to ownership of $1 million of the funds in the Albuquerque/MUSP accounts, $975,000 in the Albuquerque Account and #25,000 in the MUSP Account. It seeks a direction to deposit that money into the Registry of the Court, discharge from any further liability with respect thereto, and an award of attorneys' fees. For the reasons set forth in my memorandum and order granting interpleader relief in Action No. 2, it has made out a *prima facie* case for the core of the relief it seeks. Albuquerque and MUSP nevertheless make a series of unconvincing arguments against it.

---

[3] I find that each of the prerequisites to intervention set out in Rules 24(a) and (b) is satisfied.

First, they contend that interpleader would be inappropriate because Itete Brasil does not claim the funds in the Albuquerque/MUSP Accounts and, in consequence, that there are no adverse claimants to the funds. They ignore entirely, however, the fact that Albuquerque and MUSP, on the one hand, and Itete Spain, on the other, claim the money. There obviously are adverse claimants. The argument to the contrary raises serious questions under Fed. R. Civ. P. 11.

Second, Albuquerque and MUSP suggest that there is no subject matter jurisdiction over UBS's application, pointing out that Itete Brasil and Itete Spain both are aliens and that diversity jurisdiction therefore is lacking. As an initial matter, it is difficult to see the relevancy of Itete Brasil, as it is not a claimant to the funds that UBS seeks to interplead. Even putting that problem to one side, and recognizing that diversity among claimants is required for statutory interpleader under Section 1335 of the Judicial Code,[4] subject matter jurisdiction exists for interpleader pursuant to Fed. R. Civ. P. 22 as long as complete diversity exists as between the stakeholder and the claimants.[5] "Thus, contrary to statutory-interpleader actions, the absence of diversity of citizenship among the claimants is irrelevant in rule-interpleader cases."[6] Here, there is diversity as between the UBS entities, both of which are U.S. citizens, and each of the claimants, all of whom are aliens. Again, plaintiffs' argument raises serious Rule 11 issues.

*Attorney's Fees*

---

[4] 28 U.S.C. § 1335.

[5] 7 CHARLES ALLAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1710, at 580-82 (2001).

[6] *Id.* at 582 (footnote omitted).

UBS seeks also an order awarding it the attorney's fees incurred by it in bringing its interpleader motion.

As Albuquerque and MUSP acknowledge, "[a]ttorney's fees and costs are generally awarded to an innocent and otherwise disinterested stakeholder who has expended time and money participating in a dispute 'not of his own making and the outcome of which has no impact on him.'"[7] In this case, UBS is innocent and disinterested. It is entitled to recover its costs and reasonable attorney's fees.

*Conclusion*

The motions of Itete Spain [Action No. 1 DI 7] and UBS [Action No. 1 DI 16] (1) to intervene and consolidate these actions and (2) for interpleader relief and consolidation of actions and for other relief, respectively, are granted in all respects. More particularly:

1. Itete Spain's proposed complaint in intervention and cross-claims is deemed served and filed this date. Action No. 1 is consolidated into Action No. 2 for all purposes. The caption in Action No. 2 [09 Civ. 4286] is amended to read as follows:

---

[7] Pl. Mem. [DI 24, Action No. 1] 7 (citation omitted).

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UBS INTERNATIONAL INC. and UBS FINANCIAL
SERVICES INC.,

                Plaintiffs,

-against-                                                  09 Civ. 4286 (LAK)
                                                                             and consolidated case

ITETE BRASIL INSTALACOES TELEFONICAS LTD.,
INSTALACIONES DE TENDIDOS TELEFONICOS, S.A.,
MARCELINO ALBUQUERQUE GALINDO and MUSP
SERVICOS DE LOCACAO, LTD.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       2.       UBS, no later than March 2, 2010, shall deposit into the Registry of this Court $975,000 from Account No. R2-62467 and $25,000 from Account No. R2-66223, which funds shall remain in the Registry of this Court pending further order of the Court.

       3.       Albuquerque, MUSP, Itete Brasil and Itete Spain, as well as any other persons or entities that have asserted or may assert any claims against UBS relating to the funds referred to in paragraph 2 above, are enjoined and restrained from asserting any claims against UBS relating thereto and from commencing or prosecuting any other action or proceeding against UBS to recover all or part of those funds.

       4.       Upon deposit of the funds referred to in paragraph 2 into the Registry of the Court, UBS shall be dismissed from this action, other than for purposes of discovery, and discharged from all liabilities to Albuquerque, MUSP, Itete Brasil and Itete Spain, as well as any other persons or entities that have asserted or may assert any claims against UBS, in each case relating to the funds deposited pursuant to this order.

9

      5.     UBS shall recover from the interpleaded funds such attorney's fees and costs as the Court may award. Any motion for such an award shall be filed on or before March 10, 2010.

      SO ORDERED.

Dated:     February 24, 2010

                                   _____
                                           Lewis A. Kaplan
                                      United States District Judge