```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
UBS INTERNATIONAL INC., and UBS      : 09 Civ. 4286 (LAK) (JCF)
FINANCIAL SERVICES INC.,             :    and consolidated case
                                     : 09 Civ. 10004 (LAK) (JCF)
                                     :
          Plaintiffs,                :
                                     :        MEMORANDUM
     - against -                     :        AND   ORDER
                                     :
ITETE BRASIL INSTALACOES             :
TELEFONICAS LTD., INSTALACIONES      :
DE TELEFONOS, S.A., MARCELINO        :
ALBUQUERQUE GALINDO and MUSP         :
SERVICOS DE LOCACAO, LTDA.,          :
                                     :
          Defendants.                :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

These two consolidated cases comprise an interpleader action in which, in relevant part, Instalaciones de Tendidos Telefónicos, S.A. ("Itete Spain") on one hand and Marcelino Albuquerque Galindo and MUSP Servicios de Locacao, Ltda. ("MUSP" and, collectively, the "MUSP Defendants") on the other each claims ownership of certain funds previously in the possession of UBS International Inc. and UBS Financial Services Inc.[1]  Itete Spain now moves pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure to dismiss the claims and defenses of the MUSP Defendants on the basis

---

[1] The claims asserted by another interpleader defendant, Itete Brasil Instalacoes Telefonicas Ltd. ("Itete Brasil"), were previously dismissed for failure to comply with its discovery obligations.  (Order dated April 12, 2010).

1

of their failure to comply with the Court's prior discovery orders. For the reasons that follow, the motion is granted to the extent that the MUSP Defendants are precluded from advancing certain arguments and Itete Spain is awarded its attorneys' fees on this motion.[2]

Background[3]

The MUSP Defendants claim that approximately $1 million of Itete Brasil funds found in Mr. Albuquerque's personal UBS account and MUSP's UBS account belong to the MUSP Defendants because it was

---

[2] The order referring this matter to me characterizes the motion as non-dispositive. If dismissal were the appropriate sanction, it would be necessary for me to submit a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See Kiobel v. Millson, 592 F.3d 78, 97-98 (2d Cir. 2010) (Leval, J., concurring); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). A magistrate judge, however, has the authority to issue less severe sanctions, including preclusion orders, in the course of overseeing discovery. See Kiobel, 592 F.3d at 88 (Cabranes, J., concurring) ("[I]t is the broad scope of a magistrate judge's authority over discovery disputes that provides the source of his authority to impose sanctions for the violation of discovery orders."); R.F.M.A.S., Inc. v. So, __ F. Supp. 2d __, __, No. 06 Civ. 13114, 2010 WL 4341331, at *1 & n.1 (S.D.N.Y. Oct. 12, 2010) (treating magistrate judge determination precluding witnesses as nondispositive); Tracy v. NRV, Inc., No. 04-CV-6541, 2009 WL 3153150, at *8 (W.D.N.Y. Sept. 30, 2009) (magistrate judge addressing preclusion in order but motion to strike defenses in report and recommendation), report and recommendation adopted, 667 F. Supp. 2d 244 (W.D.N.Y. 2009); Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 556-57 (N.D. Cal. 2009) (preclusion order issued by magistrate judge).

[3] A more complete discussion of the facts may be found in the Court's decision on an earlier sanctions motion in this case, UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd., No. 09 Civ. 4286, 2010 WL 4720323 (S.D.N.Y. Nov. 16, 2010).

"a refund of monies advanced by MUSP on Itete Brasil's behalf." (Affidavit of Juan Salvador Guerschanik Gauze dated Feb. 19, 2010, attached as part of Exh. A. to Declaration of Michael A. Turschmann dated Feb. 18, 2011 ("Turschmann Decl."), ¶ 5; see also Deposition of Juan Salvador Guerschanik Gauze dated April 1, 2010, excerpts attached as Exh. B to Turschmann Decl., at 132).  In order to test the allegations of the MUSP Defendants, Itete Spain propounded document requests on March 9, 2010.  (Itete Spain's First Request for Production of Documents as to MUSP and Albuquerque ("1st Doc. Req."), attached as Exh. D to Turschmann Decl.).  These requests encompass documents relevant to the MUSP Defendants' assertion that MUSP advanced funds on behalf of Itete Brasil.  (1st Doc. Req. Nos. 1-4 (records concerning the contested UBS accounts), Nos. 5-6 (transfers in and out of the UBS accounts), Nos. 9, 41-42 (transfers in or out of Mr. Albuquerque's and MUSP's UBS accounts), Nos. 71-72 (communications concerning Mr. Albuquerque's and MUSP's UBS accounts), Nos. 49, 75 (MUSP's financial statements, balance sheets, and profit and loss statements), Nos. 16, 74 (business dealings between MUSP and Itete Brasil), Nos. 52, 77 (business dealings between Mr. Albuquerque and MUSP).

During his deposition, Mr. Albuquerque confirmed the existence of documents that would be responsive to these requests and relevant to the MUSP Defendants' claims:

>   Q. You say that you spent $1,200,000 of your own money to pay debts of Itete Brasil?
>
>   A. Yes, mine and from MUSP, the company, less of my own money, more so the company's, MUSP. . . .
>
>   Q. . . . Do you have any documents which establish that you or your company made payments of debts owed by Itete Brasil?
>
>   A. Everything is in the accounting department of the companies in Brazil, yes.

(Deposition of Marcelino Albuquerque dated May 13, 2010 ("Albuquerque Dep."), excerpts attached as Exh. A to Declaration of John Dellaportas dated March 14, 2011, at 68-69).  Indeed, Mr. Albuquerque specified the types of documents the company maintained:

>   Q. Now, does your company, MUSP -- MUSP? -- does it maintain business records?
>
>   A. It is active, the company is.
>
>   Q. What kinds of business records does MUSP maintain?
>
>   A. The normal accounts.  Annual accounts in Brazil.
>
>   Q. Does it have annual financial statements?
>
>   A. Yes.  All the movements on the accounts within the provisions.
>
>   Q. Does it maintain records of amounts that it pays out to vendors or creditors?
>
>   A. Yes.
>
>   Q. And does it maintain records of amounts it receives from other parties?

>   A. Yes. Everything having to do with movements in the accounts.
>
>   Q. Does it issue invoices for services it renders?
>
>   A. Yes.
>
>   Q. Does it file records with relevant state and federal taxing authorities?
>
>   A. Yes, commercial accountability.

(Albuquerque Dep. at 70-71).

When the MUSP Defendants nevertheless failed to produce documents responsive to Itete Spain's requests, Itete Spain moved to compel. Although the MUSP Defendants produced some documents while the motion was pending, the Honorable Lewis A. Kaplan, U.S.D.J., found the production to be insufficient. He held that "[c]ontrary to the argument of MUSP/Albuquerque, Itete Spain's motion to compel has not been mooted by the recent document production. That motion . . . is granted. MUSP and Albuquerque shall produce, on or before June 24, 2010, each and every document requested by Itete Spain's March 9, 2010 request to produce." (Order dated June 14, 2010).

No additional documents were forthcoming. Accordingly, Itete Spain moved to dismiss the MUSP Defendants' claims as a sanction for their failure to comply with the Court's order. In a Memorandum and Order dated November 16, 2010 (the "11/16/10 Order"), Judge Kaplan declined to impose the ultimate sanction,

5

stating, "Itete Spain has pointed to no explicit warning of possible dismissal for failure to comply with the June 14, 2010 order, and I cannot say with entire confidence that no sanction short of dismissal would be efficacious." (11/16/10 Order at 5). He did, however, grant Itete Spain's motion

> to the extent that (a) the MUSP Defendants shall produce each and every document requested by Itete Spain's request on or before November 30, 2010, and (b) the MUSP Defendants shall pay Itete Spain's reasonable attorneys' fees in seeking the documents and litigating this motion, which the Court fixes at $15,000, on or before November 30, 2010.

(11/16/10 Order at 5-6). He also warned that "[a]ny failure to comply with this order, in whole or in part, on or before the close of business in New York City on November 30, 2010 may result in the dismissal of the MUSP Defendants' claims and cross-claims in these actions and/or the imposition of other sanctions."

After seeking and obtaining a ten-day extension of the deadline, the MUSP Defendants produced 171 pages of documents. (Turschmann Decl., ¶¶ 4-5). These documents, however, were largely unresponsive, and entire categories of information were omitted. (Turschmann Decl., ¶ 5; Letter of Michael A. Turschmann dated Jan. 11, 2011, attached as Exh. E to Turschmann Decl., at 1-2). Following further unsuccessful attempts to elicit a complete production from the MUSP Defendants, Itete Spain filed the instant motion.

6

The MUSP Defendants' response to the motion is simple: they contend that the requested documents do not exist. (Memorandum of Law in Opposition to the Third Motion to Dismiss at 7). According to Juan Salvador Guerschanik Gauze, a consultant to the MUSP Defendants, "[a]s to financial documents from MUSP, . . . Brazilian law (which governs MUSP and treats it as a small company) requires only informal record keeping and a simplified tax return." (Declaration of Juan Guerschanik dated March 4, 2011 ("Guerschanik Decl."), ¶¶ 1, 20).

<u>Discussion</u>

Rule 37(b)(2)(A) provides in pertinent part that "[i]f a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Such orders may include "directing that the matters embraced in the order . . . be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designated claims or defenses," or "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (iii). In determining the appropriate sanction, courts consider "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the

duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302-03 (2d Cir. 2009) (second alteration in original) (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). They also take into account the extent to which the prevailing party has been and will be prejudiced by the defaulting party's noncompliance.  See Baffa v. Donaldson, Lufkin & Jenrette Securities Corp., 222 F.3d 52, 63 (2d Cir. 2000). "'[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds "willfulness, bad faith, or any fault" by the non-compliant litigant.'" Agiwal, 555 F.3d at 302 (quoting Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990)).

Here, in the November 16, 2010 Order, Judge Kaplan has already determined that "the duration of the MUSP Defendants' default is egregious" and that "[t]he prejudice to Itete Spain is obvious." (11/16/10 Order at 5).  Furthermore, that Order itself provided notice to the MUSP Defendants that continued failure to comply could result in dismissal of their claims. (11/16/10 Order at 5-6).  Therefore, only two factors remain to be addressed.

First, the MUSP Defendants maintain that their noncompliance is not willful and should be excused altogether; they contend that

8

it is impossible to comply because the requested documents do not exist.  It could be inferred that a business could not operate without the types of documents that Itete Spain has requested and the MUSP Defendants have failed to produce.  See Merrick v. Paul Revere Life Insurance Co., 500 F.3d 1007, 1015 (9th Cir. 2007) ("[T]he existence of withheld documents may be inferred from the paucity of material actually produced.").  However, no such inference is necessary here, since the contentions of the MUSP Defendants are directly contradicted by the testimony of Mr. Albuquerque, who was deposed both as a party in his individual capacity and as the designee of MUSP pursuant to Rule 30(b)(6).  (Albuquerque Dep. at 6).  Having stated under oath that the documents sought by Itete Spain exist, the MUSP Defendants cannot now disavow those representations.  See Loops LLC v. Phoenix Trading, Inc., No. C08-1064, 2011 WL 915785, at *4 (W.D. Wash. March 15, 2011) (sanctioning party that failed to produce documents where party first represented that documents existed but later contended they did not).  Certainly, they cannot rely exclusively on the declaration of Mr. Guerschanik, who is merely acting as a litigation consultant and lacks the personal knowledge necessary to opine about what documents MUSP may have created.  See Yellow Page Solutions, Inc. v. Bell Atlantic Yellow Pages Co., No. 00 Civ. 5663, 2001 WL 1468168, at *5 (S.D.N.Y. Nov. 19, 2001) ("affidavits

9

based on personal knowledge are to be credited over contradictory allegations based merely on information [and] belief" (quoting Barrett v. United States, 646 F. Supp. 1345, 1350 (S.D.N.Y. 1986))).

Second, it must be determined whether any sanction less harsh than dismissal would be effective.  It would be one thing if the MUSP Defendants' claim was based exclusively on the argument that the funds in the UBS accounts had been advanced by MUSP on behalf of Itete Brasil.  In that event, the MUSP Defendants, by their noncompliance, would have prevented Itete Spain from obtaining discovery on the central theory of their case, and dismissal would be warranted.  But the MUSP Defendants have a second argument: they "claim entitlement to money in a UBS account . . . because Mr. Albuquerque is a shareholder in Itete Spain." (Guerschanik Decl., ¶ 11).  This argument is not a model of coherence, and the MUSP Defendants' pleadings provide little clarification. (Complaint in No. 09 Civ. 10004, ¶¶ 23-28).  Nevertheless, Itete Spain has not suggested that the MUSP Defendants' failure to comply with the Court's discovery order impairs its ability to rebut this theory. Therefore, dismissal of this aspect of the MUSP Defendants' claim would be unjustified.

The appropriate remedy, then, is to preclude the MUSP Defendants from asserting that the funds in the subject UBS

10

accounts are in any way related to any advances that the MUSP Defendants may have made on behalf of Itete Brasil.  This sanction prevents the MUSP Defendants from benefitting in any way from their noncompliance but does not inhibit them from advancing their remaining argument.

In addition, Itete Spain has once again incurred costs as a consequence of the MUSP Defendants' failure to meet their discovery obligations.  The MUSP Defendants should therefore be required to pay Itete Spain's reasonable attorneys' fees for the work performed on the instant motion.  In connection with the prior motion and associated discovery, the Court awarded fees in the amount of $15,000.00.  (11/16/10 Order at 6).  In this instance, counsel's tasks were somewhat more modest, and a reasonable fee is $10,000.00 no later than April 30, 2011.

Conclusion

For the reasons set forth above, the MUSP Defendants shall be precluded from asserting that the funds in the subject UBS accounts are in any way related to any advances that the MUSP Defendants may have made on behalf of Itete Brasil.  In addition, no later than April 30, 2011, the MUSP Defendants shall pay Itete Spain's attorneys' fees in the amount of $10,000.00.

SO ORDERED.

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       April 11, 2011

Copies mailed this date:

John P. Gleason, Esq.
Gleason & Koatz, LLP
122 East 42nd Street, Suite 519
New York, New York  10168

Michael A. Turschmann, Esq.
John Dellaportas, Esq.
Javier Chavez, Jr., Esq.
Duane Morris, LLP
1540 Broadway
New York, New York 10036

Jonathan P. Vuotto, Esq.
Julian W. Wells, Esq.
Riker Danzig Scherer Hyland Perretti LLP
One Speedwell Avenue
Morristown, NJ  07962